OPINION
Defendant-appellant appeals from the August 19, 1998, Judgment Entry of the Ashland County Court of Common Pleas granting appellee's Motion for Summary Judgment and the August 27, 1998, Judgment Entry Decree of Foreclosure.
STATEMENT OF THE FACTS AND CASE
On September 29, 1993, appellant executed and delivered to appellee a promissory note in the original amount of $33,000.00. The note, which provided for interest at the rate of 6.750% per annum, contained a provision stating that, in the event of default, the debt would be accelerated. To secure the obligations of the note, appellant, on the same date, executed and delivered to appellee a mortgage deed as to specified real property. The mortgage deed was filed for record on October 4, 1993. Appellee, on October 23, 1997, filed a complaint to obtain judgment upon the note and to foreclose upon the lien of the mortgage securing the note. The complaint was filed against appellant, Jane Doe (appellant's unknown spouse), and the Ashland County Treasurer alleging that appellant had defaulted in the payment of the monthly installments of principal and interest due on the note. The complaint alleged that the balance due on the note was $27,840.61 with interest at the rate of 6.750% per annum from and after June 1, 1997, until paid. In addition to seeking judgment against appellant in such amount on the note, appellee also prayed that the mortgage be foreclosed. The Ashland County Treasurer filed an answer and cross claim on November 13, 1997. Appellant filed a petition in Bankruptcy, pursuant to Chapter 7 of the Bankruptcy Code, in the Bankruptcy Court on November 28, 1997. Thereafter, appellant, on January 28, 1998, filed an answer in which he claimed a homestead exemption of $5,000.00 in the residence pursuant to R.C. 2329.66. Appellant was later discharged in bankruptcy and released from the indebtedness due and owing appellee on the promissory note. A Motion for Summary Judgment accompanied by the affidavit of appellee's vice president was filed by appellee on May 20, 1998. On August 3, 1998, appellant filed a memorandum reasserting his entitlement to a homestead exemption of $5,000.00 as priority over appellee's mortgage. A hearing on appellee's Motion for Summary Judgment was held on August 7, 1998. Thereafter, at the request of the trial court, appellee filed a brief in support of its Motion for Summary Judgment on August 13, 1998, to address appellant's claim of priority. Pursuant to a Judgment Entry filed on August 19, the trial court granted appellee's Motion for Summary Judgment holding as follows: "This Court therefore finds that there are no issues of material fact left for determination by the Court and the Plaintiff is entitled to judgment as a matter of law. According to the clear and unambiguous language of Revised Code Section2329.661, the exemptions granted by Revised Code Section 2329.66
do not affect or invalidate any mortgage on any real property. The Court does note that in his Memorandum filed in this matter, Defendant, Douglas E. Markle, correctly states that Revised Code Section 2329.661 may avoid certain judicial liens which impair the debtors exemption in the real property. This Court finds, however, that this case does not involve a judicial lien. The case involves the enforcement of a mortgage lien on Defendant's real property. The Court further finds that when Defendant granted Plaintiff a security interest in the subject premises through execution of the above-described Mortgage, Defendant voluntarily waived his exemption in the subject premises in regards to the indebtedness secured by the Mortgage."
Pursuant to a Judgment Entry/Decree of Foreclosure filed on August 27, 1998, the trial court granted appellee judgment against appellant in the amount of $30,293.15 plus interest at the rate of 6.750% from August 1, 1998, until paid, ordered that the mortgage be foreclosed and held that appellant had a $5,000.00 homestead exemption after appellee's mortgage lien was satisfied. The real estate securing the mortgage note sold for $33,500.00 at the foreclosure sale on October 26, 1998. Pending appeal, the parties agreed to a distribution of the sale proceeds on the condition that if appellant is ultimately successful in his appeal, appellee will pay appellant the $5,000.00 homestead exemption amount, less the sum of $1,677.54 received by the appellant in the distribution. It is from the August 19, 1998, Judgment Entry granting appellee's Motion for Summary Judgment and the August 27, 1998, Decree of Foreclosure that appellant prosecutes this appeal, raising the following assignments of error:
FIRST ASSIGNMENT OF ERROR
THE COMMON PLEAS COURT COMMITTEE [SIC] ON [SIC] ABUSE OF DISCRETION IN GRANTING THE MOTION FOR SUMMARY JUDGMENT
APPELLANT'S SECOND ASSIGNMENT OF ERROR
THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR IN RULING THAT THE HOMESTEAD EXEMPTION OF SECTION 2329.66(A)(1) WAS NOT EQUAL TO THE MORTGAGE REQUIREMENT OF SECTION 2329.661 AND IN GRANTING THE SUMMARY JUDGMENT MOTION OF THE APPELLEE.
I, II
Since both of appellant's errors concern whether the trial court erred in granting appellee's Motion for Summary Judgment, the court shall consider the errors together.
STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ. R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignments of error. Appellant contends that he is entitled to a $5,000.00 homestead exemption pursuant to R.C. 2329.66(A)(1)(b) as priority over appellee's mortgage. Such section provides, in relevant part, as follows: "Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: (b) . . . the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."
However, pursuant to R. C. 2329.661, certain claims are not exempted by R.C. 2329.66(A)(1) from execution, garnishment, attachment or sale. R.C. 2329.661 states in relevant part, that2329.66(A)(1) does not: "(1) Extend to a judgment rendered on a mortgage executed, or security interest given on real or personal property by a debtor or to a claim for less than four hundred dollars for manual work or labor; (2) Impair the lien, by mortgage or otherwise, of the vendor for the purchase money of real or personal property that the debtor or a dependent of the debtor uses as a residence, the lien of a mechanic or other person, under a statute of this state, for materials furnished or labor performed in the erection of a dwelling house on real property, or a lien for the payment of taxes due on real property; (3) Affect or invalidate any mortgage on any real property, or any lien created by such a mortgage. (B) No promise, agreement, or contract shall be made or entered into that would waive the exemption laws of this state, and every promise, agreement, or contract insofar as it seeks to waive the exemption laws of this state is void."
It is clear from the plain language of R.C. 2329.661(A)(3) that the $5,000.00 statutory homestead exemption does not affect or invalidate the validity of appellant's mortgage. See The Metropolitan Bank of Lima, Ohio v. Steven E. Turner, et al (April 28, 1987), Auglaize App. No. 2-85-26, unreported and The State Savings and Loan Co. v. Sam Parker, III, et al. (Nov. 21, 1986), Lake App. No. 11-162, unreported. Thus, appellee's mortgage claim has priority over appellant's homestead exemption claim. Moreover, while appellant cites numerous cases in support of his contention that his homestead exemption under R.C. 2329.66 is not impaired by judicial liens, such cases are not applicable since a mortgage lien is not a judicial lien. A judicial lien, unlike a mortgage lien, is obtained involuntarily by judgment, levy, sequestration, or other legal or equitable process or proceeding as provided for in Bankruptcy Code Section 101. A mortgage lien is a consensual lien. Appellee's mortgage is not a judicial lien and, therefore, has priority over appellant's homestead exemption claim. Finally, appellant argues that, because the trial court did not conduct a full hearing on appellee's Motion for Summary Judgment after appellee had submitted a brief regarding appellant's claimed homestead exemption, this matter should be reversed and remanded. We disagree. At the hearing on Appellee's Motion for Summary Judgment held on August 7, 1998, the trial court requested that appellee submit a brief regarding appellant's claimed entitlement to a $5,000.00 homestead exemption as priority over appellee's mortgage lien. Although appellant had raised such issue in his memorandum, appellee lacked time to respond to the same. On August 13, 1998, appellant submitted a brief citing to 45 O.Jur.3d Exemptions Section 74. According to appellant, "[a] hearing should have been held for the trial court to address its concerns or a deadline for responding to the O. Jur. 3d cite should have been provided." However, not only was the trial court not required to hold a hearing, but appellant previously had asserted his entitlement to a homestead exemption in his memorandum. Accordingly, for the foregoing reasons, both of appellant's assignments of error are denied.
The judgment of the Ashland County Court of Common Pleas is affirmed.
By Edwards, J Wise, P. J. and Reader, V.J. concur